UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILOX TECHNOLOGIES, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Case No. 23-cv-05047-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, VACATING JUNE 6, 2024 HEARING, AND DENYING AS MOOT REQUEST TO APPEAR VIA ZOOM**<br><br>Re: Dkt. Nos. 67, 81 |

This order assumes familiarity with the facts, the applicable legal standards, and the arguments made by the parties. For the reasons set forth below, Defendant's motion to dismiss, ECF 67, is **GRANTED**. The hearing currently set for June 6, 2024 is **VACATED**, and the parties' request to appear at that hearing via Zoom, ECF 81, is **DENIED AS MOOT**.

Dismissal is warranted because the claims in U.S. Patent Nos. 6,760,720 ("the '720 Patent") and 7,188,100 ("the '100 Patent") are not directed at patentable subject matter within the meaning of 35 U.S.C. § 101. *See Alice Corp. Pty. Ltd. v. CLS Bank Intern*, 573 U.S. 208, 216 (2014) ("We have long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable.") (citing 35 U.S.C. § 101). The '720 Patent is directed at a computer-implemented "on-the-fly" method for searching a database, retrieving results, truncating results that exceed a specified limit, and displaying the results. *See* ECF 1-1 at 30, 38-39; *see also* ECF 77 at 11 ("Considered 'as a whole', the focus of the claims of the '720 Patent is 'displaying iterative search results (i.e., returned entries from a selected database field) from a database query and truncating the search results exceeding a specified limit, such that the truncated search results represent each of the returned entries.' "). The '100 Patent is directed at a computer-based "on-the-fly" method for creating a data report

using a defined query-tweaker generated defined query, generating the search results with their corresponding data categories, and creating a template from the search results with links to the data categories. *See* ECF 1-3 at 1, 60-62; ECF 77 at 11 ("Considered as a whole, the focus of the claim of the '100 Patent is 'displaying a report of iterative search results from a database query and truncating the results if exceeding a specified limit.' "). These are abstract ideas and thus not patentable. *See Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 703 (Fed. Cir. 2023) (dismissing patent claims because they were directed at an abstract idea that was "not directed to a specific improvement in computer functionality but, instead, to the use of computers as a tool; here, a tool to identify when a condition is met and then to distribute information based on satisfaction of that condition."); *In re Killian*, 45 F.4th 1373, 1380 (Fed. Cir. 2022), *cert. denied sub nom. Killian v. Vidal*, 144 S. Ct. 100 (2023), *reh'g denied*, 144 S. Ct. 441 (2023) (concluding that claims "directed to collection of information, comprehending the meaning of that collected information, and indication of the results, all on a generic computer network operating in its normal, expected manner . . . . [, which] could be performed by a person reading and comprehending the meaning of the recited information" were abstract); *Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021) ("Given the claim language and the specification, we conclude that claim 1 is directed to a result or effect that itself is the abstract idea and merely invokes generic processes and machinery' rather than 'a specific means or method that improves the relevant technology.") (internal quotations and citation omitted).

Vilox's assertions that the claims "are directed to technological improvements in database searching without requiring knowledge of the structure of the database," ECF 77 at 10, and that "[t]hese improvements result in dramatic reduction in central processor unit (CPU) utilization with corresponding more efficient and faster computer operations," *id.* at 15, are insufficient.[1] *See Voit Techs., LLC v. Del-Ton, Inc.*, 757 F. App'x 1000, 1003 (Fed Cir. 2019) ("Voit fails to explain how

---

[1] To the extent Vilox relies on the inventor's declaration for that explanation, ECF 77-1, that is improper. *See Aftechmobile Inc. v. Salesforce.com, Inc.*, No. 19-CV-05903-JST, 2020 WL 6129139, at *9 (N.D. Cal. Sept. 2, 2020), *aff'd*, 853 F. App'x 669 (Fed. Cir. 2021) (finding irrelevant inventor notes and declaration because "because the patent-eligibility inquiry under § 101 focuses on the claim language in light of the specification").

1   employing different formats, as claimed, improves compression techniques or the functioning of
2   the computer."); *cf. Enfish L.L.C. v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016)
3   (finding claims were not directed at an abstract idea where "the self-referential table recited in the
4   claims on appeal [wa]s a specific type of data structure designed to improve the way a computer
5   stores and retrieves data in memory"). Vilox's assertion that "there is no record evidence of the
6   claimed solutions existing prior" to the patents at issue is likewise insufficient. *See Affinity Labs*
7   *of Tex., LLC v. DIRECT TV, LLC*, 838 F.3d 1253, 1263 & n.3 (Fed. Cir. 2016) (concluding that
8   novelty "does not avoid the problem of abstractness").

9   Nor do the claims contain an inventive concept. *See Alice*, 573 U.S. at 221 ("[W]e must
10  examine the elements of the claim to determine whether it contains an 'inventive concept'
11  sufficient to 'transform' the claimed abstract idea into a patent-eligible application") (internal
12  quotations and citation omitted). Attempting to show otherwise, Vilox relies on (1) truncation,
13  which "reduces characters in one or more entries in the selected database field and the size -
14  reduced [data] represents each of the entries in the selected field," (2) a query tweaker that
15  performs "transformations and corrections on [a] received query," and (3) "creating a template …
16  [that] comprises links to the data categories described by the one or more descriptors." *See* ECF
17  77 at 18. But "claims directed to improved speed or efficiency inherent with applying the abstract
18  idea on a computer are insufficient to demonstrate an inventive concept . . . ."[2] *See Voit Techs*,
19  757 F. App'x at 1003-04 (internal quotations and citation omitted); *see also Hawk Tech. Sys., LLC*
20  *v. Castle Retail, LLC*, 60 F.4th 1349, 1358 (Fed. Cir. 2023) (declining to find inventiveness where
21  claims "only use[d] generic functional language" and "require[d] nothing other than conventional
22  computer and network components operating according to their ordinary functions");
23  *cf. Messaging Gateway Sols., LLC v. Amdocs, Inc.*, No. CV 14-732-RGA, 2015 WL 1744343, at
24  *4 (D. Del. Apr. 15, 2015) (finding a claim contained an inventive concept where it "specifie[d]
25  how an interaction between a mobile phone and a computer is manipulated in order to achieve a
26  desired result which overrides" phones' inability to "send SMS text messages to computers").

---

[2] For this same reason, Vilox's emphasis that the claimed solutions entail iterative searches or search results does not yield the requisite inventive concept.

Dismissal is additionally warranted because Vilox's allegations are insufficient to state a claim for direct infringement, which "occurs where all steps of a claimed method are performed by or attributable to a single entity." *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (internal citations omitted). Vilox's cobbling together of different screenshots, features, and products falls short. *See Geovector Corp. v. Samsung Elecs. Co.*, No. 16-CV-02463-WHO, 2017 WL 76950, at *4 (N.D. Cal. Jan. 9, 2017) ("This hodgepodge of different attributes from various different accused products and third-party sources is insufficient to chart a single product against all elements of Claim 1."). Accordingly, Vilox's claim for direct infringement is **DISMISSED**. Absent a plausible claim of direct infringement, Vilox's claims for induced and contributory infringement are also **DISMISSED**. *See Golden v. Qualcomm Inc.*, No. 23-1818, 2023 WL 6561044, at *3 (Fed. Cir. Oct. 10, 2023) ("Because Golden has failed to adequately plead direct infringement by Qualcomm or its customers in this case, his complaint also fails to sufficiently plead contributory or induced infringement.").

Because leave to amend is to be liberally granted, in light of Vilox's request for such leave, it may file an amended complaint within 30 days of this order.

**IT IS SO ORDERED.**

Dated: May 31, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**