UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILOX TECHNOLOGIES, LLC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SALESFORCE, INC.,<br><br>  Defendant. | Case No. 23-cv-05047-AMO<br><br>**ORDER DENYING RENEWED MOTION TO INTERVENE AND SUBSTITUTE PLAINTIFFS**<br><br>Re: Dkt. No. 96 |

Plaintiffs Vilox Technologies, LLC and Vilox LLC commenced this patent infringement action against Salesforce on December 5, 2022. ECF 1. Acting as Vilox Technologies, LLC's President and CEO, Dr. Joseph Lewis De Bellis purportedly assigned all interest in the patents at issue in this case to himself. ECF 100-3. He now moves to intervene under Federal Rule of Civil Procedure 24, seeks to substitute in as a pro se plaintiff in place of the Vilox entities under Federal Rule of Civil Procedure 25, and asks that Vilox's counsel, Ramey LLP, be allowed to withdraw. ECF 96. The Court deems the motion suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing currently set for July 10, 2025 is **VACATED**. For the reasons set forth below, the motion is **DENIED**.

**I.    Intervention as of Right**

Federal Rule of Civil Procedure 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has summarized the requirements of intervention as of

right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (citations omitted; modifications in original). "Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.2009).

The Court assumes, without deciding, that the first two elements of this test are met. The third and fourth elements, however, are not. Dr. De Bellis is not so situated that the disposition of the action may as a practical matter impair or impede its ability to protect his interest. The Vilox entities commenced this action as owners of the patent at issue. *See* ECF 1. Dr. De Bellis is the President and CEO of Vilox Technologies, *see* ECF 100-3, and given that relationship, his interest in protecting the patents is aligned with that of his company.[1] *See Forsyth v. HP Inc.*, No. 5:16-CV-04775-EJD, 2020 WL 71379, at *3 (N.D. Cal. Jan. 7, 2020) (denying motion to intervene where the party seeking intervention shared a common goal with plaintiffs – obtaining justice for employees who were unlawfully terminated by defendant). Indeed, multiple filings in this case reflect the input Dr. De Bellis, without being joined as a party, has had on the course of this litigation to date. *See* ECF 77-1, 86-1, 88-2.

For these same reasons, the Court concludes that Dr. De Bellis' interest is adequately represented by the Vilox entities. Indeed, allowing Dr. De Bellis to intervene in this action pro se, even if only on a temporary basis, is likely to further jeopardize any interest he has in the patents at issue. The Vilox entities are in a position to make all of the meritorious arguments that would be available to Dr. De Bellis, and there is no indication that allowing Vilox to keep litigating the case would preclude Dr. De Bellis from continuing to participate in the case as he has already.

---

[1] Pointing to certain business records, Salesforce notes that both Vilox entities are inactive and list Dr. De Bellis as its sole member, suggesting that Dr. De Bellis has more control over Vilox's affairs than he would enjoy if the entities were still operating. ECF 99 at 12.

1  The Court notes that Dr. De Bellis indicates "there was considerable and sustained pressure from Vilox Technologies' counsel to abandon the case." *See, e.g.*, ECF 100-1 at 4; *see also id.* at 5 (indicating that Ramey LLP no longer wished to represent Vilox once cases the firm filed on its behalf were transferred). The solution for any disagreement in litigation strategy is not intervention. *See Forsyth v. HP Inc.*, 2020 WL 71379, at \*5 ("[D]ifferences in litigation strategy are not enough to justify intervention as a matter of right.") (internal quotations and citation omitted). As set forth at the end of this order, to the extent such differences in strategy warrant seeking replacement counsel, Vilox has the opportunity to do so. Until then, Ramey LLP is expected to honor its ethical obligations while it remains counsel of record before this Court.

Accordingly, the Court **DENIES** the motion to intervene as of right.

## II. Substitution

Federal Rule of Civil Procedure 25(c) provides "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (citation omitted); *see also Sun-Maid Raisin Grow. of Cal. v. California Pack. Corp.*, 273 F.2d 282, 284 (9th Cir. 1959) ("Substitution or joinder is not mandatory where a transfer of interest has occurred."). The case "may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation." *In re Bernal*, 207 F.3d at 598 (citation omitted).

Granting Dr. De Bellis's motion under Rule 25(c) would not facilitate the conduct of this litigation. Dr. De Bellis seeks to substitute in to proceed pro se, which will only prolong the litigation the Vilox entities commenced in December 2022. For example, in a status report filed May 20, 2025, Dr. De Bellis states:

> The current state of the case has put me in a number of difficult situations. As you are no doubt aware, I am simultaneously attempting to represent myself in two federal district courts, defend

3

>
> 
> myself pro se in front of the Patent Trial and Appeal Board (PTAB) and disentangle Ramey LLP from the case.  I believe that my case and its merits will become clear as the cases progress, however no progress can be made until Ramey, LLP and Vilox Technologies are released from the case.
> 
> I am grateful to the court for giving me the opportunity to represent myself pro se.  Ultimately my goal is to secure representation from another law firm.  This however is not possible as every firm that has reviewed the case thus far is prohibited from giving any further consideration or proceeding given the fact that Ramey, LLP is still attached to the case.
> 
> I would like to respectfully request that the issue of Vilox Technologies and Ramey, LLP being removed from the case be addressed as soon as possible.   With Ramey LLP out of the case, I can engage another law firm.  I have gotten strong positive feedback from a few firms, however nothing can proceed until Ramey, LLP is released.
> 
> My second request is that upon Mr. Ramey's release, I would like to request a 90 day extension to permit me the opportunity to secure alternate legal representation.
> 
> I am very aware of the burden that pro se litigation presents to the court and opposing counsel.  I also do not have the luxury of refiling as my patents have expired.  This case is my only chance to represent myself and my 25 years of work.  I have no intention of wasting the court's, the defendant's, or opposing counsel's time.  Dropping Vilox Technologies, releasing Ramey, LLP and giving me an extension will offer me the best opportunity to try my case but also ensure smooth professional progress for the court and opposing counsel.

ECF 102 at 4.

Dr. De Bellis's representations in the status report justify denying Rule 25(c) relief for two reasons.  First, if permitted to substitute in, Dr. De Bellis will still need time to find counsel, and even if he is able to secure counsel, this action will not proceed until new counsel has had an opportunity to familiarize themselves with the case.  This only magnifies the delay that has already taken place in this litigation due to the purported assignment of the patents at issue from the plaintiffs to Dr. De Bellis.

Second, to the extent Dr. De Bellis, who is the President and CEO of Vilox Technologies, *see* ECF 100-3, no longer wants Ramey LLP representing the company, Vilox Technologies is free to fire them and obtain replacement counsel.  The fact that Dr. De Bellis views that ability as somehow conditioned on substitution under Rule 25(c) illustrates the improper nature of the instant motion: to get around the requirement that the Vilox entities, in order to litigate this case, must appear through counsel.  Indeed, in his motion, Dr. De Bellis indicates that "[o]n May 30,

4

2023, Vilox Technologies, LLC, in anticipation of possible withdrawal by Ramey LLP, assigned all rights to the asserted patents to Joseph L. De Bellis to allow Dr. De Bellis to pursue the patent infringement complaint pro se." Rule 25(c) is not a vehicle for Dr. De Bellis to obtain relief from the requirement that the Vilox entities must proceed through counsel. *See Ubiquitous Connectivity, LP v. TXU Energy Retail Co., LLC*, No. 3:18-CV-2084-K, 2022 WL 17364274, at *3 (N.D. Tex. Nov. 9, 2022), *report and recommendation adopted*, No. 3:18-CV-2084-K, 2022 WL 17364261 (N.D. Tex. Nov. 30, 2022), *aff'd*, No. 2023-1349, 2023 WL 3914922 (Fed. Cir. June 9, 2023) (finding motion to substitute parties "an attempted end-run around the requirement that limited partnerships . . . be represented by licensed counsel" where the patent "assignment was executed the same day that [the movant] tried to take over representation in th[e] matter, . . . indicat[ing] that these actions were part of a concerted effort to disregard the Court's order – and the law – and have [the movant], the president of Ubiquitous, represent Ubiquitous's interests instead of licensed counsel.").

For the reasons set forth above, the renewed motion to intervene and to substitute is **DENIED**. Vilox's counsel's request to withdraw is **DENIED AS MOOT**. To the extent Vilox wishes to proceed represented by different counsel, new counsel must appear within 30 days of this order. Should new counsel appear, the Court will **STAY** this matter for 45 days from their appearance to afford new counsel an opportunity to get up to speed. Salesforce may re-submit its motion to dismiss, ECF 87, within 90 days of this order. The Vilox entities shall file their opposition within 14 days of Salesforce's re-submission of its motion to dismiss. Salesforce shall file a reply within 7 days of the filing of the Vilox entities' opposition.

**IT IS SO ORDERED.**

Dated: June 30, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**