UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILOX TECHNOLOGIES, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Case No. 23-cv-05047-AMO<br><br>**ORDER RE SEALING MOTIONS**<br>Re: Dkt. Nos. 109, 118, 119 |

This order resolves three sealing motions submitted in connection with Defendant Salesforce Inc.'s pending motion for sanctions.  Dkt. Nos. 109, 118, 119.

Salesforce's motion to seal its opening brief and the accompanying Villarreal declaration, Dkt. No. 109, is **GRANTED IN PART AND DENIED IN PART**.  Salesforce's opening brief and the supporting Villarreal declaration may be redacted with respect to the discounted billing rates appearing at Dkt. No. 109-3 at 24:7-8 and Dkt. No. 109-4 at 4:4, 4:28-5:1, 5:13, 6:6, 7:6-10. The declaration offered in support of sealing establishes good cause to redact that limited information, which constitutes confidential business information concerning litigation agreements between Salesforce and its counsel.  *See TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015) (permitting sealing of material related to firm's special fee arrangements).  However, Salesforce's request to redact the number of hours of work completed by its counsel, appearing at Dkt. No. 109-3 at 24:23 and Dkt. No. 109-4 at 4:3, 4:27, 5:11, 6:5, 7:6-10, is **DENIED** because Salesforce has not established that good cause exists to seal that information.

Plaintiffs' motions to seal portions of their response to the motion for sanctions and the accompanying Ramey, Ishimoto, and Hudnell declarations, Dkt. Nos. 118 and 119, are

**GRANTED IN PART AND DENIED IN PART**. Plaintiffs assert that counsel's billing rates constitute confidential business information. However, unlike Salesforce, Plaintiffs give no indication that those rates are discounted or arise from special fee arrangements. In fact, the filings describe the rates as "standard." Thus, the motion is **DENIED** as to the standard billing rates of Attorneys Hudnell, Ramey, and Ishimoto, appearing at Dkt. No. 118-3 at 27:19-28:10, Dkt. No. 118-4 at 2:6, Dkt. No. 118-5 at 2:9, Dkt. No. 118-6 at 4:9, for lack of a showing of good cause. *Cf. In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (information that "plainly f[e]ll[] within the definition of 'trade secrets' " warranted sealing); *Richter v. Oracle Am., Inc.,* No. 22-CV-04795-BLF, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023) (permitting sealing of personal financial information, the disclosure of which would cause harm); *TVIIM, LLC*, 2015 WL 5116721, at *2 (information about special fee arrangements warranted sealing); *TB Holding Co. LLC v. J&S Siding*, No. 4:22-CV-00307-BLW, 2024 WL 4924738, at *2 (D. Idaho June 21, 2024) (permitting sealing of attorney billing rates that were "individually negotiated and specific to the circumstances of th[e] case"). However, the motion is **GRANTED** with respect to the discounted billing rates of Salesforce's counsel, which appear at Dkt. No. 118-3 at 27:21-28:8, for the reasons explained above.

Within 7 days, the parties shall file revised redacted versions of their respective briefs and supporting declarations consistent with this Order.

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**